T.C. Memo. 1995-455

UNITED STATES TAX COURT

RICHARD BRUCE BEGELFER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24056-91.                     Filed September 26, 1995.

Richard Bruce Begelfer, pro se

Bruce M. Wilpon, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $6,538 and an addition to

---

[1]  All section references are to the Internal Revenue Code as amended and in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

tax in the amount of $1,635 for substantial understatement of tax pursuant to section 6661.

After a concession by respondent,[2] the sole issue for our decision is whether petitioner is entitled to nonrecognition treatment under section 1034 for the gain he realized on the sale of his principal residence.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Long Beach, New York. Subsequently, petitioner relocated to Texas in November 1992.

During a part of 1987, petitioner resided in Bridgeport, Connecticut. In February of that year, petitioner lost his job when his employer became insolvent and decided to discontinue operations. Because of financial difficulties, petitioner sold his principal residence on May 1, 1987, and realized a capital gain of $36,171. Petitioner did not report this gain on his 1987 Federal income tax return. Rather, petitioner chose to defer recognition of the gain because he intended to replace his home within the replacement period provided by section 1034.

Petitioner moved to the New York City area, and in August 1987 found full-time employment as a sales agent. During this

---

[2] At trial, respondent conceded that petitioner was not liable for an addition to tax for substantial understatement of tax under sec. 6661 for the 1987 taxable year.

period, petitioner attempted to purchase a new principal residence. However, because he did not have an established commission sales record, petitioner could not secure a mortgage. Petitioner was dismissed from his sales agent position in March 1988, after his employer discovered he was interviewing for salaried employment. As petitioner continued this employment search, he accepted part-time work assignments, which sometimes required physical labor. During one of these assignments, petitioner sustained serious injuries to his back, neck, and ankle, which left him unable to work for several months.

In February of 1989, petitioner found full-time employment and immediately sought to purchase a new residence. After an unsuccessful attempt at acquiring a home, petitioner finally succeeded in purchasing a residence on July 21, 1989, in Long Beach, New York. Because of his injuries, petitioner has since relocated to Austin, Texas, but he continues to own the New York residence.

Petitioner contends that because of the recent physical and financial hardships he has endured, as well as his good faith effort to purchase another principal residence, the replacement period provided by section 1034 should be waived. Respondent argues simply that because petitioner did not purchase and use a replacement residence within the statutory period, he is not entitled to the benefits of section 1034(a). As unfortunate as

petitioner's circumstances might appear, we concur with respondent.

Generally, any gain on the sale of a personal residence must be recognized by the taxpayer. Sec. 1001(c). An exception to this rule, allowing for nonrecognition of such gain, is provided by section 1034. Section 1034(a) provides that if the taxpayer sells his principal residence, and within a 24-month period before or after the date of the sale, another property is purchased and used by the taxpayer as a principal residence, gain from the sale will be recognized only to the extent that the taxpayer's adjusted sale's price of the old residence exceeds the taxpayer's cost of purchasing the new residence. Sec. 1034(a).

When applying the time limitations to the provisions of section 1034(a), the courts have long adopted a very strict approach. The decisions consistently hold that the time limits of section 1034 are uniformly applicable and that the courts are without authority to waive or extend those statutory limitations to take account of circumstances that may have caused delay in purchasing a replacement residence. Henry v. Commissioner, T.C. Memo. 1982-469; see Kern v. Granquist, 291 F.2d 29 (9th Cir. 1961); Elam v. Commissioner, 58 T.C. 238 (1972), affd. per curiam 477 F.2d 1333 (6th Cir. 1973); Chavez v. Commissioner, T.C. Memo. 1983-199. Extensions of the time limitations of section 1034(a) are available only when a specific statutory provision so provides. Moore v. Townsend, 577 F.2d 424, 428 n.7 (7th Cir.

1978).  For example, section 1034(h) and section 1034(k) extend the normal replacement period of section 1034(a) in the case of, respectively, a member of the armed forces on extended active duty and an individual whose tax home is outside the United States.  No provision is made for the consideration of equitable factors in determining whether the replacement period requirement has been met.

Petitioner purchased the New York residence 80 days beyond the statutory period prescribed in section 1034.  Moreover, petitioner does not fall within the statutory provisions extending the replacement period.  As a result, petitioner must recognize the gain on the sale of the Connecticut residence.  We sympathize with the difficulties petitioner has endured during these years; however, the strict requirements of section 1034 do not allow for extenuating circumstances, even if they are beyond the control of the taxpayer.  Chavez v. Commissioner, supra.

To reflect the foregoing,

Decision will be entered
for respondent, except as to
the addition to tax pursuant
to section 6661.